```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
THE JOESTER LORIA GROUP,                :   10 Civ. 6742 (DLC)
                                        :
                Plaintiff,              :   OPINION & ORDER
                                        :
       -v-                              :
                                        :
THE LICENSING COMPANY LIMITED,          :
                                        :
                Defendant.              :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Jeffrey L. Laytin
Richard B. Verner
Laytin Verner LLP
One Pennsylvania Plaza, 48th Floor
New York, New York 10119

For Defendant:
Debra A. Karlstein
Laurie F. Richardson
Spears & Imes LLP
51 Madison Avenue, 25th Floor
New York, New York 10010

DENISE COTE, District Judge:

   Plaintiff The Joester Loria Group ("Joester"), a licensing agent, brings this suit against its former licensing subagent for Chrysler's Jeep brand, The Licensing Company Limited ("TLC"), alleging that TLC misappropriated confidential information acquired during the course of its subagency and that TLC used this information to compete with Joester for a

licensing contract.  Because Joester has failed to adequately plead facts giving rise to a plausible claim for relief, TLC's motion to dismiss is granted.

BACKGROUND

Joester's amended complaint (the "Complaint") asserts five causes of action:  breach of contract, misappropriation of trade secrets, tortious interference with prospective economic advantage, unfair competition, and unjust enrichment.  The Complaint principally asserts that TLC breached its contract with Joester when it used confidential, proprietary information acquired during the course of its service as subagent for Joester in a competition with Joester over which company would serve as the new licensing agent for the Chrysler brands.

Joester and TLC are both licensing agencies; Joester is based in New York, and TLC is a corporation organized under the laws of the United Kingdom.  Licensing agents are granted limited rights to develop and sell products by brand owners in order to better promote consumer awareness of the brand.

From 1999 through July 31, 2010, Joester served as the licensing agent for the Chrysler and Jeep brands owned by the Daimler Chrysler Corporation and its successors (collectively "Chrysler").  On January 31, 2001, TLC contracted with Joester to serve as Joester's subagent for the Jeep Brand in the United

Kingdom and France.  The agreement (hereinafter the "Agreement") between the parties provided that

> AGENT [TLC] and its officers, employees and representatives shall maintain in confidence and not disclose to any third party (i) any information learned about JLG and Owner [Chrysler] in connection with its representation hereunder and shall not use any such information to JLG's or Owner's detriment; or (ii) the contents of this agreement or any LICENSE AGREEMENT or LICENSED PROGRAM or any other agreement that AGENT becomes aware of.  This obligation of confidentiality shall survive termination of this Agreement.

Joester alleges that during the course of TLC's service as subagent for the Jeep brand, TLC was provided with proprietary and confidential information concerning Joester's management of the Jeep brand and Joester's internal methods and strategies for providing licensing services.  This confidential information included the concept, allegedly pioneered by Joester, of maintaining a revenue pool devoted solely to marketing activities in promotion of the brand, termed the Common Marketing Fund ("CMF") by Joester.  The Agreement between TLC and Joester expired on October 31, 2009, and Joester confirmed by letter of November 19, 2009 that the Agreement would not be renewed.

Chrysler filed for bankruptcy on April 30, 2009.  In early 2010, as part of its review of its existing licensing contracts, Chrysler issued a Request for Quote ("RFQ") inviting licensing agencies to submit proposals for the Chrysler and Jeep brands.

Both Joester and TLC responded to the RFQ and both successfully passed the first round of the selection process.  By letter of July 23, 2010, Chrysler informed Joester that its existing licensing agreements would not be renewed.  Joester subsequently learned that TLC had been selected as the new licensing agent for the Chrysler and Jeep brands.

Joester notes in its Complaint that "the RFQ submissions were maintained in confidence by Chrysler, and were not shared by the participants."  Thus, Joester admits that it has no knowledge of the contents of TLC's submissions to Chrysler in furtherance of its bid to win the licensing contract.  Nevertheless, Joester goes on to allege that

> in analyzing the type of information requested by
> Chrysler in the RFQ, it is apparent that in responding
> to the RFQ successfully, <u>TLC had to use proprietary
> and confidential information</u> provided by [Joester]
> under the provisions of the Subagent Agreement and
> learned in the course of TLC's subagent relationship
> with [Joester].  Therefore, <u>a successful response
> would have utilized</u> confidential information,
> including business plans, program performance
> analyses, Chrysler's preferences and objectives, and
> Chrysler's unique licensing agent and subagent
> compensation structure, as well as information about
> the methods and processes for providing agency
> services developed by [Joester], such as details of
> the CMF program, licensee monitoring procedures and
> client reporting systems . . . .

(Emphasis supplied.)

Joester filed its original complaint on September 10, 2010. TLC moved to dismiss the original complaint on November 1, and

4

Joester subsequently amended its complaint on December 10, 2010. TLC moved to dismiss the amended complaint on January 27, 2011. The motion was fully submitted on February 18, 2011.

## DISCUSSION

TLC primarily argues that Joester's assertion that TLC "had to use" confidential information in responding to Chrysler's RFQ is too speculative and conclusory to survive a motion to dismiss.  TLC further contends that the Agreement does not prohibit the disclosure of confidential information to Chrysler; that Joester has failed to allege any facts suggesting that TLC used "wrongful means" to interfere with Joester's prospective relationship with Chrysler; that there is no evidence that Joester would have won the Chrysler contract but for TLC's conduct; that the unfair competition claim must be dismissed as duplicative of the misappropriation claim; and that Joester's unjust enrichment claim cannot be sustained in the face of a valid contract between the parties.

The Second Circuit has clarified that the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), did not "heighten the pleading requirements."  Arista Records LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010).  But "Twombly and Iqbal

[do] require factual amplification where needed to render a claim plausible." Id. (citation omitted).

> The Twombly Court stated that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," i.e., enough to make the claim "plausible." The Twombly Court stated that "asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegality."

Id. (citing Twombly).

Joester's Complaint lacks sufficient factual matter to support its claims that TLC used confidential information belonging to Joester in responding to Chrysler's RFQ. Joester's allegations amount to mere speculation that TLC "had to use proprietary and confidential information" in its submission to Chrysler solely by virtue of the fact that TLC was employed as Joester's subagent for the Jeep brand. Such guesswork is insufficient to state a claim. As in Twombly, where the Court found that the actions described in the complaint were "doctrinally consistent with lawful conduct," the award of the licensing contract to TLC is just as consistent with an alternative, lawful explanation of events -- that TLC's submission was superior to that of Joester even without recourse

to the confidential information. Joester appears to suggest that TLC's submission could not have been superior to Joester's without the use of confidential information. But there is factual support in the Complaint for this conclusory allegation. Indeed, since the confidential information was available to Joester, it is unclear why using the information to respond to the RFQ would have given TLC an advantage over Joester.

## CONCLUSION

TLC's January 27, 2011 motion to dismiss is granted. The Clerk of Court shall enter judgment for TLC and close the case.

SO ORDERED:

Dated:   New York, New York
         April 29, 2011

                                    _____
                                            DENISE COTE
                                    United States District Judge